**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
PAMELA LEVINSON,                          )
                                          )
            Plaintiff,                    )
                                          )
                                          )      Civil Action 1:13 – cv – 00484
                                          )
            v.                            )
WILMER CUTLER PICKERING                   )
HALE AND DORR LLP                         )
                                          )
            Defendant.                    )
_____)

<u>**NOTICE OF REMOVAL**</u>

      Pursuant to 28 U.S.C. § 1441, *et seq*., Defendant Wilmer Cutler Pickering Hale and Dorr

LLP ("Defendant" or "WilmerHale") hereby removes the entire civil action filed in the Superior

Court of the District of Columbia, captioned *Pamela Levinson v. Wilmer Cutler Pickering Hale*

*and Dorr LLP* (Civil Action No. 13-0000515) ("Action") to this Court.  As grounds for such

removal, Defendant states as follows:

      1.     The original complaint in this Action was filed in the Superior Court of the

District of Columbia on January 24, 2013.  An amended complaint was filed in Superior Court

on March 21, 2013.  Defendant was served with the original and amended complaints on March

22, 2013.  A copy of the amended complaint is included in Exhibit A (hereinafter referred to as

the "Complaint").  The allegations of the Complaint are incorporated into this notice by

reference without admitting the truth of any of them.

      2.     Exhibit A comprises all of the papers with which WilmerHale has been served in

the Action.

      3.     No other defendant has been named or served with process in the Action.

4.      Venue of the Action is properly laid in this District pursuant to 28 U.S.C.

§ 1441(a) because the Superior Court is located within this District.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it

is filed less than thirty days from March 22, 2013, the date upon which Defendant was served

with a copy of Plaintiff's Complaint.  No previous notice of removal has been filed or made to

this Court for the relief sought herein.

6.      This Court has original jurisdiction over the Action under the provisions of 28

U.S.C. § 1331, and the Action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a)

and (c).  The Court has original jurisdiction over this Action because the federal ERISA law

completely preempts Plaintiff's causes of action for breach of contract and breach of the duty of

good faith and fair dealing.  *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) ("Under

[the] so-called complete preemption doctrine, a plaintiff's state cause of action may be recast as a

federal claim for relief, making its removal by the defendant proper on the basis of federal

question jurisdiction." (citation omitted)).

**ARGUMENT**

7.      Plaintiff is a former employee of WilmerHale.  Complaint, ¶ 2.  The Complaint

purports to allege violations of the District of Columbia Family and Medical Leave Act (Count I,

¶¶ 44-50); the District of Columbia Human Rights Act (Count II and Count III, ¶¶ 51-59); and

common law claims for breach of contract and breach of the duty of good faith and fair dealing

(Count IV and Count V, ¶¶ 60-69) related to retirement benefits Plaintiff claims she is owed.

8.      In Counts IV and V, Plaintiff purports to bring two common law causes of action

against WilmerHale, based on allegations that WilmerHale changed the nature of its retirement

plan without providing appropriate notice to Plaintiff.  In particular, Plaintiff alleges that: (1)

2

WilmerHale owes Plaintiff profit sharing contributions under the terms of WilmerHale's retirement plan; (2) WilmerHale improperly changed the profit sharing contribution formula under WilmerHale's retirement plan without providing notice to Plaintiff; and (3) WilmerHale's conduct caused Plaintiff injuries including economic damages and emotional distress damages. *See* Compl. ¶¶ 38-43, 60-69.

9.      At all times relevant to the Complaint, WilmerHale has maintained the Wilmer Cutler Pickering Hale and Dorr LLP Savings and Retirement Plan (the "WilmerHale Retirement Plan"), an employee retirement benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, that is governed by and administered pursuant to ERISA.  This is the "retirement plan" referenced in Counts IV and V of the Complaint.  Compl. ¶ 61; *see also id.* ¶¶ 39, 41-42.  True copies of the WilmerHale Retirement Plan over the relevant time period are attached to this Notice of Removal as Exhibit B, and its terms are incorporated into this Notice by this reference.[1]

10.      Plaintiff's causes of action in Counts IV and V, on their face, thus "relate to [an] employee benefit plan" governed by ERISA, and are therefore federal in character.  29 U.S.C. § 1144(a) (ERISA section 514(a)).

11.      The United States Supreme Court has recognized that ERISA contains "deliberately expansive" preemption provisions that allow a defendant to remove a complaint that asserts ERISA rights under the guise of state law claims.  *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).  The Court has explained that a suit "to rectify a wrongful denial of benefits promised under ERISA-regulated plans" is "completely pre-empted by ERISA

---

[1] In determining ERISA preemption, the Court may consider the plan documents.  *See, e.g., Stewart v. National Educ. Ass'n*, 404 F. Supp. 2d 122, 138 (D.D.C. 2005) (considering plan documents attached as exhibits in determining ERISA preemption).

§ 502 and removable to federal district court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004); *see also Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 378 (2002) (ERISA "so completely preempt[s] the field of benefits law that an ostensibly state cause of action for benefits [is] necessarily a creature of federal law removable to federal court" (internal quotation marks omitted)).

12.     This Circuit has likewise observed that "ERISA's preemption clause … has been interpreted extremely broadly by the Supreme Court as well as lower federal courts." *Bd. of Trustees of the Hotel and Restaurant Employees Loc. 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486 (D.C. Cir. 1996).  Thus, "a state-law based complaint which 'relate[s] to [an] employee benefit plan'… such that the complaint is preempted by ERISA, is 'necessarily federal in character by virtue of the clearly manifested intent of Congress,' and therefore 'arise[s] under the laws . . . of the United States' for purposes of original federal subject matter jurisdiction under 28 U.S.C. § 1331 (1994)." *Id.* at 1484 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987)).

13.     Moreover, the D.C. Circuit has observed that "the phrase 'relate to' in [ERISA] section 514(a) has also been broadly interpreted." *Id.* at 1486.  "Thus, even general common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered by ERISA, will nonetheless be preempted insofar as they affect ERISA-protected rights." *Id.* at 1486-1487.  Therefore, if plaintiffs "were to rely on a state law breach of contract claim to recover monies that are due them under ERISA, their claim would surely be preempted." *Id.* at 1487; *see also Stewart*, 404 F. Supp. 2d at 137 ("a cause of action may relate to an ERISA plan within the meaning of Section 514(a) when it is premised on the existence of a plan and when a court must focus its inquiry on the plan in order to resolve the claim").

14.     Accordingly, Counts IV and V, although they purport to raise only state law claims, are necessarily federal in character because they assert a denial of benefits supposedly due under an ERISA-regulated plan.  These claims, therefore, "aris[e] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and are removable to federal court pursuant to 28 U.S.C. § 1441(c).  This Court has original jurisdiction over these claims pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

15.     This Court should exercise its discretion to invoke supplemental jurisdiction over Counts I, II and III of the Complaint, brought under the D.C. Family and Medical Leave Act and the D.C. Human Rights Act, because they are transactionally related to the federal law issues.  28 U.S.C. § 1367.  Because all of Plaintiff's claims arise from the same common nucleus of operative facts — her employment with WilmerHale during the specified period — all should be tried in one action.  *See Prakash v. American Univ.*, 727 F.2d 1174, 1183 (D.C. Cir. 1984) (finding common nucleus of fact for supplemental jurisdiction to cover all claims arising out of plaintiff's employment with defendant where plaintiff's state contract and tort claims had nexus to wage claims arising under the federal Fair Labor Standards Act).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court's exercising jurisdiction over the entire Complaint.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966).  Plaintiff's own decision to assert Counts I through V in the same complaint further supports adjudicating these causes of action together.

16.     This Action is therefore removable to this Court on grounds of federal question jurisdiction.

WHEREFORE, Defendant respectfully requests that this Action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, as provided by law.

Respectfully submitted,

/s/ Barbara B. Brown
Barbara B. Brown (DC Bar #355420)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, D.C.  20005
(202) 551-1700
Attorney for Defendant Wilmer Cutler Pickering
Hale and Dorr LLP

Dated:  April 10, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2013, I served a copy of the foregoing via hand-delivery on:

David Sanford
Brandon Jamison
Sanford Heisler, LLP
Attorneys for Plaintiff
1666 Connecticut Avenue, NW
Suite 300
Washington, D.C. 20009

/s/ Barbara B. Brown
Barbara B. Brown