# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAMELA LEVINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 13-0484 (ABJ) |
| WILMER CUTLER PICKERING HALE AND DORR LLP, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Pamela Levinson filed her original and first amended complaints against defendant Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") in the Superior Court for the District of Columbia, alleging violations of the District of Columbia Family and Medical Leave Act and the District of Columbia Human Rights Act ("D.C. law claims"), and common law breach of contract and of the duty of good faith and fair dealing ("common law claims"). Notice of Removal Ex. A [Dkt. # 1-1, 1-2]. Ms. Levinson's common law claims relate to WilmerHale's retirement benefits plan. *Id.* Defendant removed the action to federal court on the ground that the common law claims are "completely preempted" by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and are therefore federal in character. Def.'s Opp. to Pl.'s Mot. for Leave to Amend and Mot. to Remand at 2 [Dkt. # 11] ("Def.'s Opp."). One month after defendant's removal, plaintiff filed the Motion to Remand [Dkt. # 9] and Motion for Leave to File Second Amended Complaint [Dkt. # 10] that are now before this Court. The proposed second amended complaint eliminates the claims that defendant

contends are preempted by ERISA. Pl.'s Mot. for Leave to File 2d Am. Compl. at 1 ("Mot. to Amend").

Because the Court finds no reason to prevent plaintiff from amending her complaint in this manner, that motion will be granted. In addition, plaintiff's remaining claims will be remanded to the Superior Court in the interest of comity.

## STANDARD OF REVIEW

### I. Motion for Leave to File Amended Complaint

When a party seeks to amend its pleading after a responsive pleading has been served, the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). When evaluating whether to grant a party's motion for leave to amend its pleading, the Court must consider: (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint. *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] district court should grant leave to amend a complaint '[i]n the absence of'" these factors. *Id.*, quoting *Foman*, 371 U.S. at 182.

### II. Motion to Remand

A defendant has the right to remove an action from state to federal court when the action could have originally been brought in federal court. 28 U.S.C. § 1446(a) (2012). If a case removed to federal court encompasses both federal and state claims, the district court has supplemental jurisdiction over any state claims that "are so related" to the federal claims "that they form part of the same case or controversy." *Id.* § 1367(a). But the court may, in its discretion, "decline to exercise supplemental jurisdiction over a [state] claim . . . [if] the claim

substantially predominates over the [federal] claim or claims." *Id.* § 1367(c). In addition, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995).

## ANALYSIS

Ms. Levinson seeks leave to file a second amended complaint that omits her common law claims against WilmerHale. Mot. to Amend at 1. In addition, she asks this Court to remand her D.C. law claims to the Superior Court. Pl.'s Mot. to Remand at 2. Defendant opposes both motions. It insists that plaintiff is attempting to engage in impermissible forum shopping and contends that this Court should exercise supplemental jurisdiction over plaintiff's entire complaint. Def.'s Opp. at 3–10. The Court will decline to do so.

### I. Motion For Leave to File an Amended Complaint

Defendant does not assert, and the Court does not find, that plaintiff's proposed amendments would trigger the *Foman* factors of undue delay, prejudice to defendant, or futility. *See Foman*, 371 U.S. at 182. Plaintiff has amended her complaint only once before, and even if she is seeking to amend her complaint again solely to return to Superior Court, as defendants allege, this is not necessarily evidence of forbidden bad faith. If defendant's claims are correct, here, plaintiff has simply "deleted causes of action that ERISA completely preempt[s]." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999) (holding that a plaintiff had not engaged in improper forum manipulation when she simultaneously moved to amend her complaint to drop claims that were completely preempted by ERISA, and to remand the case to

state court). Thus, if the motions were denied, the ERISA claims would be subject to a motion to dismiss and, eventually, the Court and the parties would be in exactly the position they occupy now: deciding whether to send pure state law claims back to state court.

Under these circumstances, like the court in *Giles*, the Court "do[es] not see [plaintiff's motion] as forum manipulation, but rather as a legitimate attempt to try her state law claims in the forum of her choice." *Id.* Therefore, none of the *Foman* factors counseling against permitting a plaintiff to amend her complaint are present in this case. Given that "a district court should grant leave to amend a complaint '[i]n the absence of'" the *Foman* factors, *Atchison*, 73 F.3d at 425, quoting *Foman*, 371 U.S. at 182, plaintiff's motion for leave to file an amended complaint will be granted.

## II. Motion to Remand

Although plaintiff and defendant vigorously dispute whether this Court may exercise supplemental jurisdiction over plaintiff's D.C. law claims, *compare* Pl.'s Mot. to Remand at 5–8, *with* Def.'s Opp. at 7–8, the Court need not resolve that question here. Rather, the Court declines to exercise any supplemental jurisdiction it might have. The Court is mindful that defendant has a statutory right of removal that should not be "subject to the plaintiff's caprice." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). But in light of plaintiff's amendment of her complaint, defendant no longer possesses any "'interest recognized by a federal statute in a federal forum.'" *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 7 (D.D.C. 2004), quoting *Trask v. Kasenetz*, 818 F. Supp. 39, 45 (E.D.N.Y. 1993). Therefore, defendant has no federal right that would be prejudiced by remand. Under such circumstances, courts in this district and elsewhere have remanded in the interests of comity. *See id.*, citing

*Woolf v. Mary Kay, Inc.*, 176 F. Supp. 2d 654, 660 (N.D. Tex. 2001); *see also Carnegie–Mellon*, 484 U.S. at 350 n.7.

## CONCLUSION

Because this Court finds that none of the factors that counsel against permitting a plaintiff to amend his complaint are applicable, plaintiff's motion to amend her complaint will be granted. In addition, out of considerations of comity, this Court will grant plaintiff's motion and remand her remaining claims to Superior Court. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: November 25, 2013